Curia, per
Nott, J.
This case comes before us on an appeal from a decree of the chancellor, dismissing the bill for want of jurisdiction. But as it was necessary in order to decide that question that we should look into the whole case, we are now at liberty to decide it, either upon the question of jurisdiction, or upon its merits.
The grounds on which the complainants endeavor to sustain the jurisdiction, are,
1. A discovery of title deeds.
*2. An account of rents and profits.
3. Fraud in obtaining a deed from the complainants.
4. For partition of the land.
With regard to the first question, it appears that the complainant claims as heiress to her son, who, it is alleged, inherited it from his father, to whom it descended from the original grantor. It therefore appears from her own shewing, that there was no chain of title to be discovered in order to enable her to sue at law. There is no allegation of the loss of any deed or of any paper which could give jurisdiction on that ground ; and the defendants deny having any.
On the second ground it is contended, that an heir may always go into a court of equity for an account of rents and profits : but an heir, merely as such, is not entitled to such an extraordinary privilege without stating some legal impediment to his recovery at law, 1 Madd. Cha. 85. Duttney v. Duttney, 6 Ves. 89. No such impediment appears in this case.
It is also further contended, that as the defendant’s ancestor went into possession of the land as guardian of complainant’s infant son, under whom she claims, or at least took possession for him, it created a trust which gives jurisdiction to the court. How far the circumstances of this case would enable the complainant to avail herself of that fiduciary character, if it existed, is perhaps a question of some difficulty, but it is not important to the discussion of this case; for, to give to the argument all the effect to which it is entitled, it resolves itself into the question, “Whether the possession was or was not thus acquired ?” And that was a question of fact proper for the consideration of the chancellor in the court below, and in which this court would not interfere, unless the decree were manifestly contrary to the weight of evidence. The decree of the chancellor must in that respect be considered in the nature of a *verdict at law. He hears the testimony voce, and is therefore better qualified to judge of it than this court can be, who take it from the loose and imperfect notes judge; and in this case the preponderance of evidence appears to me to be in favor of the decree. The guardianship was merely of the personal *378 estate, and the guardianship bond in the penal sum of one hundred dollars only. There are two witnesses only who express an opinion (for it can only be an opinion) that the possession was taken in that character, and one of those the brother of the complainant. Opposed to these are four or five, who with equal confidence express their opinion that Ardis look possession in right of his wife, whose ancestor had long lived on, and died in possession of the land. Indeed the complainant herself, by her own deed made to him several years after the death of her son, disclaimed any other right than the right of dower; and a claim of so doubtful a character as that now set up, and which goes to disturb a possession of more than fifty years, ought not to be encouraged The ground of fraud in obtaining the deed is not supported by any evidence.
As to the partition, it has turned out in the course of the investigation, that the complainant Sarah Butler is entitled to all the land if to any, and not to a part, so that she must fail on that ground.
From any view of the case therefore, I am of opinion that the decree of the chancellor must be affirmed.

Decree affirmed.